# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBORAH DAVIS on behalf of herself and all other employees similarly situated** | ) ) ) ) | **CIVIL ACTION NO.:** |
| **Plaintiff(s),** | ) ) ) | **COLLECTIVE ACTION** |
| v. | ) ) | |
| **REGIONS FINANCIAL CORPORATION & REGIONS BANK** | ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COLLECTIVE ACTION COMPLAINT

### Introduction

1. Regions Financial Corporation and Regions Bank ("collectively referred to herein as Regions of Defendants") violated the Fair Labor Standards Act (FLSA) by failing to pay its Bank Security Act/Anti-Money Laundering Investigators for all hours worked over forty(40). Accordingly, Deborah Davis, bring this collective action to recover unpaid wages owed to her and other similarly situated employees.

2. The Collective Class is made up of all persons who are or have been employed by Defendants as Bank Security Act/Anti-Money Laundering Investigators at any time within the United States within three years prior to this action's filing

date, through the date of disposition of this action ("the Collective Class Period").

3. During the Collective Class Period, Defendants failed to pay appropriate compensation, including overtime compensation, to each member of the Collective Class as required by federal law. Plaintiff seeks relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy Defendants' failure to pay all wages due, to pay appropriate overtime compensation, and to maintain accurate time records, in addition to injunctive relief.

## Jurisdiction and Venue

4. This is a collective action brought under the Fair Labor Standards Act (F.L.S.A.) of 1938, as amended, 29 U.S.C. 201, *et seq.* Subject matter jurisdiction in this matter is invoked pursuant to 28 U.S.C. § 1331 because the Plaintiff's claims raise a federal question.

5. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Regions Financial Corporation and Regions Bank regularly conduct business within this judicial district, and are thus subject to personal jurisdiction within this judicial district.

**Parties**

6. Plaintiff, Deborah Davis, is over the age of nineteen (19) and was employed with Regions Financial Corporation and Regions Bank from May 2009 to October 4, 2013. Ms. Davis has expressly authorized the filing of this action. Her consent to join this action is attached as Exhibit A.

7. Deborah Davis and similarly situated employees are collectively referred to herein as Plaintiff(s).

8. Defendant Regions Financial Corporation, has a $117 billion in assets and is a member of the S&P 500 Index. Regions Financial Corporation business is that of a full-service provider of consumer and commercial banking, wealth management, mortgage and insurance products and services.

9. Defendant Regions Bank, is a wholly owned subsidiary of Regions Financial Corporation and serves customers in 16 states across the South, Midwest and Texas by operating approximately 1,700 banking offices and 2,000 ATMs.

10. At all material times, Defendants, Regions Financial Corporation and Regions Bank, have been "employers", within the meaning of that term as defined in the FLSA at 29 U.S.C. § 203(d).

11. At all material times, Defendants, Regions Financial Corporation and Regions Bank, have been an "enterprise" within the meaning of that term as defined

in the FLSA at 29 U.S.C. § 203(r).

12.   Plaintiff Deborah Davis was an "employee" of Defendant, as that term is defined in the FLSA at 29 U.S.C. § 203(e).

13.   At all materials times, Bank Security Act/Anti-Money Laundering Investigators positions with Defendants were not exempt from the provisions and protections of the FLSA.

## Factual Allegations For All Claims

14.   Regions Financial Corporation and Regions Bank required Davis and the similarly situated individuals to prepare investigative narratives of suspicious activity such as potential money laundering and terrorist financing.[1]

15.   These narratives are termed Suspicious Activity Report ("SAR") and their purpose is to report known or suspected violations of law or suspicious activity observed by financial institutions subject to the regulations of the Bank Secrecy Act ("BSA").

16.   SARs are not created for the benefit of the bank; instead, SARs are required by the Currency and Foreign Transactions Reporting Act of 1970 (whose legislative framework is commonly referred to as the "Bank Secrecy Act" or

---

[1] Guidance on Preparing A Complete & Sufficient Suspicious Activity Report Narrative. Financial Crimes Enforcement Network November 2003.

"BSA").[2] The creation of SARs do not directly relate to the management or general business operations of Regions within the meaning of the FLSA and 29 C.F.R. Part 541.200.[3]

16.  The BSA requires U.S. financial institutions to assist U.S. government agencies to detect and prevent money laundering.

17.  Specifically, the act requires financial institutions to keep records of cash purchases of negotiable instruments, file reports of cash transactions exceeding $10,000 (daily aggregate amount), and to report suspicious activity that might signify money laundering, tax evasion, or other criminal activities.

18.  It was passed by the Congress of the United States in 1970. The BSA is sometimes referred to as an "anti-money laundering" law ("AML") or jointly as "BSA/AML."

19.  Information provided by SARs is transmitted to the Department of the Treasury's Financial Crimes Enforcement Network (FinCen) which enables it to

---

[2] *The California Bankers Ass'n v. Shultz,* 416 U.S. 21 (1974).

[3] In *California Bankers Association v. Schultz,* 416 U.S. 21 (1974), the Court upheld the constitutionality of Bank Secrecy Act and equated its record keeping duties with those imposed by the Fair Labor Standards Act which required employers to maintain records of wages paid and hours work. Forty years ago, the United States Supreme Court held that compliance with the Bank Secrecy Act was mere record keeping. The United States Supreme Court rejected any suggestion that the record keeping and reporting duties imposed an undue burden on banks.  *Id.* at 46.  Davis's job duties in gathering records and information to comply with the Bank Secrecy Act were not exempt from the Fair Labor Standards Act.

identify emerging trends and patterns associated with financial crimes. FinCen serves as the United States's Financial Intelligence Unit.

20. In order to comply with the requirements of the BSA/AML regulations, Regions employs a three tier reporting structure. On the front-lines are BSA/AML Investigators [Plaintiff Davis], who transmit their findings to Operations BSA/AML Investigations Team Managers who in turn forward the gathered information to the Filing Unit who makes the final decision on whether to submit the SAR to FinCen.

21. There is no educational requirement for a BSA/AML investigator position beyond a high school diploma or GED.

22. BSA/AML investigators do not have authority to interview subjects (i.e. customers/non-customers) or witnesses. BSA/AML investigators have limited access to customers personal information (i.e. criminal history/background). The primary source of knowledge regarding any customer comes from that individuals account activity and any documentation included in the case file prior to its receipt.

23. BSA/AML investigators do not have the authority to make direct contact with law enforcement authorities.

24. BSA/AML investigators do not have the authority to chase "leads" or "hunches" beyond the activity reported and are required by bank policy to stay within the scope of the investigation as outlined in the case file.

25. BSA/AML investigators do not execute independent judgment as to whether a SAR is reported to FinCen. BSA/AML Team Managers and the Filing Unit must make the final case decision. Team Leaders and the Filing Unit also have the authority to change a BSA/AML investigator's report without consultation.

26. BSA/AML investigators have no authority to deviate or waive established policies or procedures without prior approval.

27. BSA/AML investigators have no authority to negotiate or bind the bank on any maters of significance and do not provide expert advice to bank management.

28. BSA/AML investigators do not have the authority to plan long or short term business objectives and do not have the authority to investigate or resolve matters of significance on behalf of bank management.

29. BSA/AML investigator's work involves providing ongoing, day to day investigative services, rather than performing administrative functions directly related to the Regions' business.

30. BSA/AML investigators accomplish this by diligent fact-finding, in accordance with Regions guidelines that are in conformance with BSA/AML statutes and regulations, the results of which are turned over to BSA/AML Team Managers and the Filing Unit who then make the decision as to whether to alert FinCen.

31. In short, BSA/AML investigators work involves the use skills and

technical abilities in gathering factual information, applying known standards or prescribed procedures, determining which procedure to follow, or determining whether prescribed standards or criteria are met.

32.     Davis and other similarly situated BSA/AML investigators received up to ten assignments per week from different sources within the bank.  Upon receipt of these assignments the BSA/AML department had approximately 30-days to either file a SAR or prepare Memo to File (MTF).

33.     Based on the volume of work, Davis and other similarly situated BSA/AML investigators could not complete their assignments within a forty (40)-hour work week.  Davis and other similarly situated BSA/AML investigators had to work approximately ten (10) to twenty (20) hours per week in excess of forty (40) to complete their work.

34.     Upon information and belief, Defendants' suffered and permitted and Plaintiff and the Collective Class to work more than forty (40) hours per week without overtime compensation.

35.     Defendants' unlawful conduct has been widespread, repeated and consistent.

36.     Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay.

37. Upon information and belief, Defendants have been, or should have been, on notice that the primary duties of Plaintiff and the Collective Class do not allow for Defendants to classify them as exempt from the requirements of the FLSA.

38. Defendants' conduct was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

## Collective Action Allegations

39. Plaintiffs bring this FLSA lawsuit under 29 U.S.C. 201 et seq. as a collective action on behalf of themselves and on behalf of a class of other current and former employees similarly situated pursuant to 29 U.S.C. § 216(b). The opt-in class of similarly situated employees are as follows:

> All persons who are or have been employed by Defendants with the job title "BSA/AML investigator" or some similar title, who were classified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within three (3)-years prior to this action's filing date through the date of final disposition of this action.

## Violation of the Fair Labor Standards Act
## 29 U.S.C. § 201 *et seq*.

40. The Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

41. The Plaintiff and the class she seeks to represent are employees classified as non-exempt under the FLSA.

42. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty hours per work week.

43. Defendants' actions, policies and/or practices were in violation of the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for time spent on work activities as described in this Complaint.

44. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff and similarly situated individuals have suffered and will continue to suffer loss of income and other damages. Plaintiff and similarly situated individuals are entitled to liquidated damages and are also entitled to attorney fees and costs incurred in connection with this claim.

45. Defendants knew, or showed reckless disregard for the fact, that it failed to pay its employees overtime for their hours worked in excess of forty(40) hours per week.

## Prayer For Relief

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Certify the FLSA claim as a collective action under 29 U.S.C. § 216 and direct notice to all eligible class members, including individual notice to all members who can be identified by reasonable effort on the part of Defendants Regions Financial Corporation and Regions Bank;

2. Issue a declaratory judgment that Defendants Regions Financial Corporation and Regions Bank has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and all similarly situated members of the class she seeks to represent;

3. Require Defendants Regions Financial Corporation and Regions Bank to pay PLAINTIFF and all eligible members of the class who elect to participate in this action through proper written notice with the Court damages for lost overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF and such class members would have received but for unlawful conduct going back three (3) years from the date this lawsuit was originally filed;

4. Require Defendants Regions Financial Corporation and Regions Bank to pay the PLAINTIFF and all eligible members of the class who elect to participate in this action liquidated damages as provided for under the Fair Labor Standards Act;

5.     Issue an order directing Defendants Regions Financial Corporation and Regions Bank to properly pay its employees overtime under the FLSA in the future;

6.     Award PLAINTIFF and all similarly situated members of the class she seeks to represent pre-judgment interest, and her reasonable attorneys' fees and costs and expenses of suit;

7.     Permit a trial by jury on all issues so triable; and

8.     Provide such other and further relief as the Court may deem just and proper.

## Demand For Jury Trial

Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.

Dated: April 21, 2014.

                                        Respectfully submitted,

                                        /s/Roderick T. Cooks
                                        Lee Winston
                                        Roderick T. Cooks
                                        Charity Gilcrhist-Davis
                                        Attorneys for the Plaintiff
                                        and the Putative Collective Class

**OF COUNSEL:**
Winston Cooks, LLC
2-20th Street North
Suite 1330
Birmingham, AL 35203
telephone:  205-502-0970
facsimile:   205-278-5876
lwinston@winstoncooks.com
rcooks@winstoncooks.com

Gilchrist-Davis Law Office, LLC
2-20th Street North
Suite 1320
Birmingham, AL 35203
telephone: 205-581-8813
facsimile: 205-581-8815
cgdavis@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
Regions Bank
CSC Lawyers Incorporating Svc., Inc.
150 South Perry Street
 Montgomery, AL 36104

Regions Financial Corporation
CSC Lawyers Incorporating Svc., Inc.
150 South Perry Street
 Montgomery, AL 36104